UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIP J. READ and LESLIE READ,

                   Plaintiffs,                            Case No. 11-12697
                                                        Honorable David M. Lawson

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, and BAC HOME
LOANS SERVICING, LP,

                   Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DIRECTING DEFENDANTS TO ANSWER THE COMPLAINT

This case involves the plaintiffs' attempts to quiet title to real property in the face of a foreclosure by the defendants. The plaintiffs initially filed their complaint in the Monroe County, Michigan circuit court on June 9, 2011. The defendants removed the case to this Court on June 21, 2011 and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on July 29, 2011. In their motion, the defendants argue that the plaintiffs lack standing to quiet title because the property has been foreclosed upon, the redemption period has elapsed, and the plaintiffs no longer retain any legal interest in the property. The defendants attach several documents that are not attached to or referenced in the pleadings to support their factual account. Although the plaintiffs have not yet answered the motion, the Court finds that the motion papers adequately present the relevant arguments and the motion can be decided without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test

whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). However, "a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

A motion to dismiss under Rule 12(b)(6) is confined to a consideration of the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). "[A] court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'" *Ibid.* (citing Fed. R. Civ. P. 12(d)). However, Rule 12 also provides that before accepting extraneous evidence and converting a motion to dismiss into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court believes that converting the present motion into one for summary judgment would be unwise because the parties have not commenced discovery and have not had a reasonable opportunity to obtain, much less present, all the material that may be pertinent to the defendants' motion. A Court should not rush to summary judgment before a party has an opportunity to engage in discovery. *See Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011). Therefore, the Court will not convert the motion to dismiss to a summary judgment motion, and the Court will disregard the exhibits supplied by the defendants.

The main defect identified by the defendants is that the plaintiffs lack standing to assert their quiet title count because they no longer retain a legal interest in the subject property. However, in paragraph 2 of their complaint, the plaintiffs make the following allegation: "Plaintiffs own real property commonly known as 11860 Darling, Milan, MI, 48160 whose legal description is contained within the deed they obtained title to the premises attached as Exhibit 1 . . . ." Compl. ¶ 2. Taking that factual allegation as true, the plaintiffs have made a plausible allegation that they have an ownership interest in the property. Without going beyond the pleadings and motion papers, the Court must find that the plaintiffs have satisfied that aspect of standing, they have stated a cognizable claim for relief in their complaint, and the defendants' argument to the contrary must fail at this stage of the case. Therefore, the Court will deny the defendants' motion to dismiss and direct the defendants to answer the complaint.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss [dkt. #7] is **DENIED**.

It is further **ORDERED** that the defendants must file an answer to the plaintiffs' complaint **on or before August 30, 2011**.

It is further **ORDERED** that the hearing on the motion to dismiss previously scheduled for December 12, 2011 is **CANCELLED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  August 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL